IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIGEL DWAYNE PARMS, 60409,  )
    Petitioner,  )
      )
    v.  )    2:13-cv-582
      )
WARDEN ORLANDO HARPER, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Nigel Dwayne Parms has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Parms is presently serving a five to fifteen year period of incarceration to be followed by a ten year period of probation imposed following his conviction by the court of attempted rape, aggravated indecent assault and corruption of minors at No. CP-02-CR-8388-1997 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 14, 1998.[1]

    However, this is not Parms' first challenge to this sentence. He previously filed a challenge in this Court which as noted below was docketed at civil action 2:10-cv-987 where we addressed his challenges to these same convictions and on December 6, 2010, concluded that his petition lacked merit. A timely notice of appeal was filed and on September 20, 2012, the dismissal was affirmed.[2]

    Parms now returns to this Court and alleges that counsel was ineffective and that his sentences should have merged.[3] We note that in his original petition seven of his eight issues

---

[1] See: Petition at ¶¶1-6, and 2:10-cv-987 previously filed in this Court.
[2] See: USCA Case Number 10-4786.
[3] See: Petition at ¶ 13.

1

alleged ineffective assistance of counsel and his other issue alleged delay.[4] These issues were determined to lack merit.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

---

[4] In his petition, Parms states, "petitioner is still in custody and detainer. His sentencing is illegal and sex-offender involved with Megan's law."

ORDER

AND NOW, this 6th day of May, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

                                                                                s/ Robert C. Mitchell,
                                                                                United States Magistrate Judge