IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIGEL DWAYNE PARMS,  )
       Petitioner,  )
  )
v.  ) Civil Action No. 13-582
  )
WARDEN ORLANDO HARPER, et al.,  )
       Respondents.  )

MEMORANDUM ORDER

On September 20, 2013, the Pennsylvania Board of Probation and Parole filed a motion to dismiss the above-captioned habeas corpus action as moot, arguing that Petitioner Nigel Parms "was released from incarceration on September 13, 2013 to an approved home plan at the Farkas House of Hospitality, 1000 5th Avenue, McKeesport, PA 15132." (ECF No. 20 ¶ 11.) Attached to the motion is the declaration of Todd Hryckowian, a Parole Agent in the Pittsburgh District Office's Special Needs Unit, who states that Parms is now living at Farkas House of Hospitality and that "Parms is currently being supervised by the Board on special probation as part of his sentence for committing the crime of Aggravated Indecent Assault." (Hryckowian Decl., ECF No. 20 Ex. A, ¶ 4.)

The Court of Appeals for the Third Circuit has held that:

> A federal court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "only if [a petitioner] is in custody in violation of the constitution or federal law." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005); see also Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) ("[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."). The term "custody" extends beyond physical confinement, and encompasses other "significant restraints on ... liberty" that are "not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 242, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The requirement is satisfied when a petitioner is on probation. Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) ("It is ... clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute.").

Leyva v. Williams, 504 F.3d 357, 362-63 (3d Cir. 2007).

As Respondents have admitted, Parms is on probation currently. Thus, he is still "in custody"

purposes of his petition. Therefore, the motion to dismiss on the ground of mootness is without merit.

AND NOW, this 23rd day of September, 2013,

IT IS HEREBY ORDERED that the motion to dismiss submitted by the Pennsylvania Board of Probation and Parole (ECF No. 20) is dismissed.

IT IS FURTHER ORDERED that Respondents file an answer to the petition by October 4, 2013.

Petitioner is reminded that he is required to inform this Court of any change of address.

                                              s/Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge

cc:    Nigel Dwayne Parms
        60490
        Allegheny County Prison
        950 Second Avenue
        Pittsburgh, PA 15219-3100

        Farkas House of Hospitality
        1000 5th Avenue
        McKeesport, PA 15132