IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIGEL DWAYNE PARMS, 60490, )
    Petitioner, )
     )
    v. ) 2:13-cv-582
     )
WARDEN HARPER, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Nigel Dwayne Parms has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appear exists, a certificate of appealability will be denied.

    Parms is presently serving a five to fifteen year period of incarceration to be followed by a ten year period of probation imposed following his conviction by the court of attempted rape, aggravated indecent assault and corruption of minors at No. CP-02-CR-8388-1997 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 14, 1998.[1] His original petition in this Court, filed on May 2, 2013, was transferred to the Court of Appeals for consideration as a second or successive petition. On June 14, 2013, the latter Court denied leave to file a successive petition but remanded the matter for a determination of the manner in which his sentence is being executed "i.e. continued detention for failure to submit an approvable home plan" (ECF 6). Accordingly, the respondents were directed to answer this limited issue.

    Historically, on July 24, 2012, it was noted "offender has not submitted an approvable home plan" and his release from custody was denied (ECF.23 Exh.C). Subsequently, in a declaration dated September 19, 2013, Todd Hryckowian, a Pennsylvania Parole Agent represented that "on September 13, 2013, Parms was released from incarceration and he is now

---

[1] See: Petition at ¶¶1-6, and 2:10-cv-987 previously filed in this Court.

1

living at his approved home plan, Farkas House of Hospitality, 1000 5th Avenue, McKeesport, PA 15132)" (ECF 23, Exh. E.).

It now appears that Parms has been released to "an approvable home plan" and for this reason there is no basis upon which this Court may grant any further relief. See: Lane v. Williams, 455 U.S. 624,633 (1982) ("Through the mere passage of time, respondents have obtained all the relief that they sought. In these circumstances, no live controversy remains ").[2]

Accordingly, the petition of Nigel Dwayne Parms for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[2] We note that even if the remand issue had not become moot, Parms has never raised this claim in the courts of the Commonwealth, and the time in which to do so has expired. Thus, under Coleman v. Thompson, 501 U.S. 722,750 (1991) a procedural default has occurred and absent a miscarriage of justice which has not occurred here, no further consideration of this issue is warranted.

Additionally, we note that to the extent the petitioner is seeking monetary damages here such claim is not a properly raised in a federal habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

ORDER

AND NOW, this 7th day of October, 2013, for the reasons set forth in the foregoing Memorandum, the petition of Nigel Dwayne Parms for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

Petitioner is further advised that if he desires to appeal this Order, pursuant to Rule 4(a), F.R.App.P. he must do so within thirty (30) days of the date of this Order.

s/ Robert C. Mitchell
United States Magistrate Judge